

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2006

# Wills v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3336

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wills v. Smith" (2006). *2006 Decisions.* Paper 1222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3336
_____

CHRISTOPHER WILLS,
Appellant

vs.

JOSEPH V. SMITH,
Warden, Lewisburg Federal Prison

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02328)
District Judge: Honorable William J. Nealon

_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2006
Before:  FISHER, ALDISERT and WEIS, CIRCUIT JUDGES
Filed April 25, 2006
_____

OPINION
_____

PER CURIAM.

Appellant, Christopher Wills, appeals the order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241.  We have jurisdiction to review the final

decision of the District Court pursuant to 28 U.S.C. § 1291.  For essentially the reasons

set forth in the District Court's Memorandum Opinion and Order, as well as the

Magistrate Judge's Report and Recommendation which it adopted, we will affirm the District Court's order of dismissal.

Wills is a federal prisoner incarcerated at USP-Lewisburg. In 1999, the United States District Court for the District of Maryland sentenced Wills to two concurrent terms of 110 months imprisonment and a consecutive 60 month term on his plea of guilty to one count each of robbery in violation of 18 U.S.C. § 1951, carjacking in violation of 18 U.S.C. § 2119, and use of a firearm in relation to the carjacking in violation of 18 U.S.C. § 924(c). The United States Court of Appeals for the Fourth Circuit dismissed his appeal, and the Supreme Court denied *cert.*, 531 U.S. 1103 (2001). Having been unsuccessful in his attempt to modify his sentence with a motion filed pursuant to 18 U.S.C. § 3582(c), see United States v. Wills, 34 Fed. Appx. 126 (4th Cir. 2002), Wills filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging, inter alia, that he was actually innocent of the carjacking offense because the evidence did not satisfy the intent element of 18 U.S.C. § 2119. The sentencing court denied Wills' § 2255 motion, the Fourth Circuit Court of Appeals affirmed that decision on appeal, United States v. Wills, 46 Fed. Appx. 703 (4th Cir. 2002), and the Supreme Court denied *cert*. Wills v. United States, 539 U.S. 909 (2003). The sentencing court likewise denied Wills' motion filed pursuant to Fed. R. Civ. P. 60(b), wherein Wills relied on allegedly "newly discovered" documentary evidence in an attempt to establish his innocence. Once again, that decision was affirmed on appeal. United States v. Wills, 104 Fed. Appx. 294 (4th Cir.

2

2004). To the extent Wills' notice of appeal or appellate brief could be construed as an application for authorization to file a second or successive § 2255 motion under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals denied the request. Id.

Wills then filed the underlying petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, asserting primarily that the sentencing court's erroneous construction of the challenge he raised in his § 2255 motion to the carjacking conviction rendered those proceedings defective and inadequate. Once again asserting a claim of "actual innocence" based on a 1994 amendment to the carjacking statute and on a report issued by a firearms examiner in April 1996, Wills contends that he should be permitted to proceed with a § 2241 petition challenging his carjacking conviction. Wills' petition was referred to a Magistrate Judge who issued a Report recommending that it be dismissed. Adopting the Magistrate Judge's Report and Recommendation over appellant's objections, the District Court found that Wills' petition challenging his conviction and sentence falls under § 2255, and that § 2255 is not rendered inadequate or ineffective merely by his inability to meet the stringent requirements for filing a second or successive § 2255 motion. Accordingly, the District Court dismissed the petition for lack of jurisdiction. This timely appeal followed.

Our review of the District Court's decision to dismiss Wills' § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We agree with the District Court that Wills has not demonstrated that § 2255 is inadequate or

ineffective in the instant case.

A § 2255 motion is, of course, the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255. As the District Court correctly concluded, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under AEDPA. Id. at 120-21; Cradle, 290 F.3d at 538-39. Wills' reliance on a claim of actual innocence and on a claim involving an amendment to the carjacking statute that went into effect prior to his conviction in an attempt to circumvent the gatekeeping provisions of § 2255 is unavailing, and amounts to little more than an end run around the Fourth Circuit Court of Appeals' decisions affirming the sentencing court's denial of his motions filed pursuant to § 2255 and Rule 60(b), and its decision denying his application for authorization to file a second § 2255 motion.

We agree that Wills' claims are merely a restatement of the substance of his § 2255 claims under a different heading. Because Wills had a reasonable opportunity to raise his claims (and any issue as to the proper construction of those claims), including his "actual innocence" contention, in a § 2255 proceeding before the Unites States District Court for the District of Maryland and the Fourth Circuit Court of Appeals, and because

4

his claims are not based on an *intervening* interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a § 2241 petition. The District Court, thus, did not err in dismissing Wills' petition and we will affirm the District Court's judgment.